In the Matter of 482 So. SALINA ST., INC., Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— Determination annulled, without costs, and matter remitted to the Liquor Authority for rehearing in accordance with the memorandum. Memorandum: On October 4, 1954, petitioner appeared by counsel and requested a hearing on the charge that alcoholic beverages had been sold to a minor under the age of eighteen years, and further that the hearing not be held until October 21st to give petitioner ample time to investigate the alleged sale. Counsel for the respondent insisted that the hearing be set for October 13th and the time of the hearing was also set for 2:30 P.M. At the time and place designated for the hearing petitioner appeared by its president, its counsel and with its witnesses, and the hearing commissioner failed to appear. There is a difference of opinion as to what transpired but counsel for the respondent concedes that they waited until 2:55 P.M., at which time the hearing commissioner had not arrived. The record shows that after they had left, the hearing com-

missioner arrived and proceeded with the hearing as if there had been a default. While we do not pass upon the merits, we are not at all convinced that reasonable cross-examination of the three witnesses sworn would not have created a serious doubt as to whether or not petitioner had been guilty of the charge against it. The petitioner did not default, it was present at the appointed time and place, the hearing held thereafter is a nullity as the rights of the petitioner were not protected. A new hearing must be held in order to give the petitioner the protection it is entitled to under the statute. All concur. (Review of the action of the State Liquor Authority suspending petitioner's liquor license, which proceeding was transferred to the Appellate Division for determination by order of the Onondaga Special Term.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.